IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOSIAH BENNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>J.R. O'ROURKE,<br><br>    Defendant. | CIVIL ACTION NO.: 2:25-cv-46 |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, as amended, asserting claims under 42 U.S.C. § 1983. Doc. 4. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed in forma pauperis on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff is currently an inmate at Metro Reentry Facility in Atlanta, Georgia. Doc. 4 at 2. The incidents relevant to his Complaint occurred in 1996. Id. at 4. On January 7, 1996, Plaintiff was pulled over by Officer O'Rourke while driving home. Id. Officer O'Rourke ordered Plaintiff out of his truck; Plaintiff complied without resistance. At some point, Officer O'Rourke threatened Plaintiff's life. Plaintiff jumped into his car and drove away from the officer. Id. at 5. A week later, Plaintiff was arrested at his house and was taken to Jesup City Jail. Id. Plaintiff

---

[1] All allegations set forth here are taken from Plaintiff's Amended Complaint, as supplemented. Docs. 1, 4. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

claims officers did not read him his Miranda rights or allow him to make a phone call once he arrived at the jail. Id.

Plaintiff was initially charged with nine offenses in total; however, most of the claims were dropped at trial. Id. Plaintiff states the nine charges brought against him all stemmed from the single incident of his encounter with Officer O'Rourke. Plaintiff states the only thing he did was flee from Officer O'Rourke to save his life. Id. at 6. Plaintiff claims the remaining charges were fabricated. Plaintiff also claims that his court appointed attorney, Ms. Lillian Neal, was ineffective and provided incompetent representation in court. Id. Plaintiff claims that Ms. Neal refused to call any witnesses in his defense. Plaintiff was sentenced to prison and has been incarcerated for the past 29 years. Id. Plaintiff asks to be released from prison. Id. at 7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim

2

upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I.     Plaintiff's Claims Are Barred by the Statute of Limitations

Plaintiff's claims are barred by the applicable statute of limitations. On the face of the Complaint, the incident in question occurred on January 7, 1996. Claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. The events Plaintiff describes occurred in 1996, over 29 years before Plaintiff filed his Complaint. Because Plaintiff filed this claim arising from actions in 1996, Plaintiff's claims fall well outside the two-year statute of limitations. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.

### II.    Plaintiff's Claims for Injunctive Relief

Plaintiff asks to be released from prison. This is a request for injunctive relief in the form of release from state custody. However, a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings,

dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). To the extent Plaintiff is challenging the fact and duration of his confinement, and is seeking release from that confinement, he is requesting habeas corpus relief.

As for the proper form of habeas relief, "for those imprisoned pursuant to a State court judgment, we held that the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). Accordingly, to the extent Plaintiff seeks injunctive relief to release him from state custody, this portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint. Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies. Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486). Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a prerequisite for filing a federal habeas petition. Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim in its entirety.

### III.    Leave to Appeal *in Forma Pauperis*

I also recommend the Court deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in

good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed in forma pauperis on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

5

on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of November, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA